UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN ANTONIO MARTINEZ,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-07079-DAD-CSK (HC)

ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On September 3, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner also filed a motion for a temporary restraining order (Doc. No. 2). On September 4, 2026, the assigned magistrate judge issued an order to show cause why the petition should not be granted. (Doc. No. 7.) On September 8, 2026, respondent filed a response to the order to show cause stating its opposition to the granting of the pending petition. (Doc. No. 8.) On September 10, 2026, the court set a supplemental briefing schedule and revoked the prior referral of the petition to the magistrate judge. (Doc. No. 9.) On October 9, 2026, petitioner filed a reply to respondent's response to the magistrate judge's order to show cause (Doc. No. 10.) On October 14, 2026, the

court again directed respondent to file supplemental briefing addressing the issues set forth in the undersigned's September 10, 2026 order. (Doc. No. 11.)

On October 15, 2026, respondent filed supplemental briefing as directed by the court. (Doc. No. 12.) In its initial opposition, respondent argued that the pending petition should be denied such that petitioner was subject to detention pursuant to 8 U.S.C. § 1226(c)(1)(A), which mandates detention during removal proceedings, based on his past criminal history. (Doc. No. 8 at 2–4.) In the alternative, respondent argued that the petition should be denied because petitioner had not yet requested an individualized bond determination before the immigration court or prudentially exhausted his administrative remedies. (*Id.* at 2–4.)

In response to the court's request for supplemental briefing regarding the applicability of *Betancourt Ulloa v. Warden, Cal. City Corr. Ctr.,* No. 1:26-cv-03360-DAD-CKD, 2026 WL 2389805 (E.D. Cal. Aug. 17, 2026), respondent concedes that there is no substantial distinction between this case and *Betancourt Ulloa*. (Doc. No. 12.) Further, the court observes that respondent's position has shifted to the extent that it now argues that petitioner is subject to mandatory detention under § 1226(c)(1)(B). (*Id.* at 1–2.) Respondent also argues that the charging document has been amended to reflect petitioner's "admission," as an asylee and now alleges removability based on his criminal conviction, under § 1227(a)(2)(A)(iii) for a qualifying "aggravated felony" conviction. (*Id.* at 2-3.)

In *Betancourt Ulloa*, 2026 WL 2389905, at *2, this court recognized that a noncitizen possesses a due process right in having notice of "the charges upon which the [removability] proceeding is based," *Hirsch v. Immigr. & Naturalization Serv.*, 308 F.2d 562, 567 (9th Cir. 1962), and thus the government could not, consistent with due process, detain a noncitizen pursuant to 8 U.S.C. § 1182(a)(2), while only giving him notice that he was being charged as removable pursuant to section 1182(a)(6). *See generally id.*; *Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004); *see also Matovski v. Gonzles*, 492 F.3d 722, 738 (6th Cir. 2007) (holding "due process requires that a Notice to Appear contain all grounds for [the alien's] removability"); *Tigero Mora v. Chestnut*, No. 2:26-cv-00626-DJC-CSK, 2026 WL 1175243, at *3 (E.D. Cal. Apr. 30, 2026), *report and recommendation adopted sub nom. Tigero Mora v. Warden Chestnut*, No.

2:26-cv-00626-DJC-CSK, 2026 WL 1272963 (E.D. Cal. May 8, 2026) (relying on basis of removability set forth in Notice to Appear to establish what corresponding detention authority applies).

In other cases, judges of this district have recognized that where the government fails to demonstrate that petitioner is lawfully detained as removable under 8 U.S.C. § 1182(a)(2), then the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(A) does not apply. *Trujillo-Chavez v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-03216-DC-EFB (HC), 2026 WL 1724788, at *3–4 (E.D. Cal. June 15, 2026), *report and recommendation adopted*, 2026 WL 1893656 (E.D. Cal. July 1, 2026); *see also Miao v. Chestnut*, No. 1:26-cv-01271-KES-SKO (HC), 2026 WL 947020, at *2 (E.D. Cal. Apr. 8, 2026) (finding that the petitioner was not properly subject to mandatory detention pursuant to § 1226(c)(1)(A) in part because the petitioner was not charged with inadmissibility pursuant to § 1182(a)(2) in her Notice to Appear).

Here, respondent argues that petitioner has been served with an amended charging document (i.e., Additional Charges of Deportability/Inadmissibility (Form I-213)) indicating that he is removable based upon his "aggravated felony" conviction pursuant to § 1227(a)(2)(A)(iii), rather than inadmissibility under § 1182(a)(6)(A)(i). (Doc. Nos. 12 at 2; 12-2 at 1–5.) Because here petitioner has been provided with an amended Notice to Appear following discovery of his convictions and "admission" status as an asylee, the court determines that this case is distinguishable from the situation presented in *Betancourt Ulloa*.

Title 8 U.S.C. § 1226(c)(1)(B), requires the mandatory detention of noncitizens who are removable "by reason of having committed any offense covered" by the aggravated felony ground, as well as a variety of other offenses. *Avilez v. Garland*, 69 F.4th 525, 530, 537 (9th Cir. 2023). Here, respondent has presented evidence that petitioner was found guilty of criminal offenses, including second degree robbery in violation of California Penal Code §§ 211 and was sentenced to four (4) years of imprisonment. (Doc. Nos. 8-1 at 2, 6, 18–19, 19–20, 25, 29.) Petitioner has not presented any argument or evidence disputing the existence of this criminal conviction alleged by respondent. (Doc. No. 10 at 2-3 ¶¶ 1–8.)

/////

Considering petitioner's criminal record[1], which includes a conviction for second degree robbery in violation of California Penal Code § 211 and corresponding four (4) year prison sentence, the court finds that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) for having a qualifying "aggravated felony" offense under 8 U.S.C. § 1101(a)(43)(G). *See United States v. Martinez-Hernandez*, 932 F.3d 1198, 1205–07 (9th Cir. 2019); *Matter of Ibarra*, 26 I. & N. Dec. 797, 797–99 (B.I.A. 2016); *see also*, *Diyani v. Andrews,* No. 1:26-cv-04586-JLT-CDB (HC), 2026 WL 1893575, *2 (E.D. Cal. Jun. 30, 2026) (denying habeas petition and temporary restraining order finding that § 1226(c)(1)(B) applied to a controlled substance conviction involving cocaine); *Aguilar Bernal v. Warden of the Golden State Annex,* No. 1:26-cv-04708-NW (HC), 2026 WL 2969594, *2 (E.D. Cal. Oct. 2, 2026) (finding that § 1226(c)(1)(B) applied to an aggravated felony conviction). It is the case that petitioner was not provided advance notice of his detention by immigration authorities or even a notice of custody determination (Form I-286). Nonetheless, the court is not aware of any authority, and petitioner cites none, that would require the government to provide a noncitizen with notice and a hearing prior to invoking the mandatory detention provisions at § 1226(c). Rather, the statute is clear that the noncitizen must immediately be taken into custody. *Medina Soto v. Robbins,* No. 1:25-cv-01954-KES-SKO (HC), 2026 WL 657702, at *3 (E.D. Cal Mar. 9, 2026); *Jennings v. Rodriguez,* 583 U.S. 281, 303-06 (2018) (holding that § 1226(c) mandates "detention of any noncitizen falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the noncitizen is released for witness-protection purposes.")

Although petitioner argues that his detention violates procedural and substantive due process, the Ninth Circuit has recognized that mandatory detention under § 1226(c)(1)(B) is authorized during the course of removal proceedings. *Avilez v. Garland*, 69 F.4th at 530, 537; *see also Prieto-Romero v. Clark,* 534 F.3d 1053, 1057 (9th Cir. 2008). Additionally, while petitioner

---

[1] Although respondent appears to argue that petitioner's assault by means of force likely to produce great bodily injury conviction pursuant to California Penal Code § 245(a)(4) subjects him to mandatory detention (Doc. No. 8 at 3), the court observes that pursuant to the Ninth Circuit's decision in *United States v. Gomez*, 165 F4th 1199, 1210 (9th Cir. 2026) (en banc), this offense is not a "crime of violence" under 18 U.S.C. § 16(a) because it lacks the required intent, and thus not an "aggravated felony" under § 1101(a)(43)(F).

argues that his detention has become unreasonable prolonged, the evidence shows his removal proceedings remain on-going and have not yet been completed. A review of the Immigration Court Automated Case Information System ("ACIS") reveals that petitioner was ordered removed by an immigration judge on October 2, 2026, and that case is pending on appeal.[2] (*See* Automated Case Information System, *available at:* https://acis.eoir.justice.gov/en/).

The court therefore finds the petitioner's argument that his detention is prolonged to be unpersuasive because his proceedings remain on-going before the agency and have not yet reached a sufficient degree of finality such that the government may take action to secure his removal. *See* 8 C.F.R. § 1003.6 (stay of execution of decision). The court observes that, although petitioner has been detained for approximately nine (9) months since February 2026, while his removal proceedings remain incomplete and on-going, the applicable detention authority falls squarely under § 1226(c)(1)(B), rather than § 1231(a). *See e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (noting that "six months is a presumptively reasonable period" of detention to secure removal). Hence, the concerns regarding prolonged detention under *Zadvydas* do not yet apply. *See Avilez*, 69 F.4th at 536–37 (recognizing that § 1226(c) "makes clear that detention of aliens within its scope *must* continue 'pending a decision on whether the alien is to be removed from the United States'" (emphasis in original) (quoting *Jennings v. Rodriguez,* 583 U.S. 281, 303 (2018))).

Finally, the court finds that petitioner has not yet exhausted his administrative remedies with regard to respondent's determination that he is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) because he has not yet requested a bond redetermination hearing before an immigration judge or availed himself of such procedures to determine his custody. *See e.g., Matter of Joseph,* 22 I. & N. Dec. 799 (B.I.A. 1999). The court finds analogous and persuasive, and incorporates herein, its prior analysis in *Buckley v. Chestnut,* No. 1:26-cv-02624-DAD-JDP,

---

[2] The court takes judicial notice of the date of petitioner's order of removal. *See e.g.*, *Gahuin Aisalla v. Noem*, No. 1:26-cv-1744-DJC-CSK, 2026 WL 1113793, at *1 (E.D. Cal. Apr. 24, 2026) (taking judicial notice of an appeal pending before the BIA based on a search of the EOIR's automated case information system), *report and recommendation adopted*, No. 1:26-cv-1744-DJC-CSK, 2026 WL 1215602 (E.D. Cal. May 4, 2026).

2026 WL 1030931, at *2–4 (E.D. Cal. Apr. 16, 2026), where the court declined to waive the prudential exhaustion requirements because petitioner's appeal of his bond hearing remained pending. *See also Mariano v. Marin*, No. 5:26-cv-01411-JLS-DFM (HC), 2026 WL 928630, at *2 (C.D. Cal. Apr. 2, 2026) (finding that petitioner had failed to exhaust administrative remedies by failing to request a bond hearing). Here, any outstanding factual issues can best be resolved before an immigration judge during custody redetermination procedures already available to petitioner. 8 C.F.R. § 1003.19(b). Additionally, petitioner has not demonstrated that the bond appellate process is somehow inadequate, futile, or that irreparable injury would result here so as to waive the prudential exhaustion requirement. *Leonardo v. Crawford,* 646 F.3d 1157, 1160–61 (9th Cir. 2011); *Puga v. Chertoff,*488 F.3d 812, 815–16 (9th Cir. 2007); *Laing v. Ashcroft,* 370 F.3d 994, 1000–01 (9th Cir. 2004).

Because petitioner has not carried the burden of establishing that he is likely to succeed on the merits of his claims, the court need not consider the other *Winter* factors. *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018) ("Likelihood of success on the merits is 'the most important' factor; if a movant fails to meet this 'threshold inquiry,' we need not consider the other factors.") (quoting *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017)). Therefore, the Court will deny petitioner's motion for temporary restraining order.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for temporary restraining order (Doc. No. 2) are DENIED as follows:
    a. Petitioner's petition for writ of habeas corpus is DENIED without prejudice to its refiling following the exhaustion of any administrative remedies;
    b. Petitioner's motion for temporary restraining order is DENIED as having been rendered moot by this order;

/////

/////

/////

2. The Clerk of the Court is directed to ENTER judgment in favor of respondent and to close this case.

IT IS SO ORDERED.

Dated: **November 24, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE